**STOVER v. McCAUGHN, Collector of Internal Revenue.**

District Court, E. D. Pennsylvania. September 10, 1928.

No. 13436.

Fell & Spalding and Henry Spalding, all of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadephia, Pa., for defendant.

KIRKPATRICK, District Judge. This is an affidavit of defense, raising the question of law that the facts set forth in the plaintiff's statement of claim do not constitute a cause of action, and for the purposes of this decision all facts pleaded are admitted. They are as follows:

The plaintiff duly filed his income tax return for the calendar year 1923, showing a tax liability of $2,190.61, as computed under the provisions of the Revenue Act of 1921 (42 Stat. 227), further showing the amount of $529.64 credited against that amount on account of income and profits taxes paid to a foreign government (Dominion of Canada), leaving a net tax due of $1,660.97. Subsequent to the enactment of the Revenue Act of 1924, and in accordance with section 1200 of that act (43 Stat. 353), the defendant, the collector of internal revenue, credited the plaintiff with 25 per cent. of the net tax shown to be due by the plaintiff's tax return ($1,660.97); that is, he allowed 25 per cent. of the amount shown to be due *after* deducting the credit on account of tax paid to the Dominion of Canada. The plaintiff calculated his tax liability to the government by taking a credit of 25 per cent. of the amount shown on his return ($2,190.61) *before* taking credit for payment of the tax to the Dominion of Canada. By reason of the difference in the method of computation, the defendant on April 8, 1927, collected from the plaintiff the additional sum of $160.22, of which $132.41 represented the unpaid portion of the original tax liability and $27.81 represented interest. The plaintiff duly filed his claim for refund for the amount so paid, which claim was rejected. The plaintiff then brought this suit.

The question involved is whether "the allowance by credit or refund of 25 per cent. of the amount shown as tax" upon a taxpayer's return, provided for by section 1200 of the Revenue Act of 1924, is to be com-

puted upon the tax shown by the return before taking credit for taxes paid to a foreign government, or upon the balance after taking such credit.

The relevant provisions of Revenue Act of 1924 are as follows:

"Sec. 1200. (a) Any taxpayer making return, for the calendar year 1923, of the taxes imposed by parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return.

"Sec. 1200. (b) If the amount shown as the tax upon the return has been paid in full on or before the time of the enactment of this act, the amount of the allowance provided in subdivision (a) shall be credited or refunded as provided in section 281 of this act."

The credit for taxes due a foreign government is allowed by section 222 of the Revenue Act of 1921, the relevant part of which is as follows:

"Sec. 222. (a) That the tax computed under part II of this title shall be credited with:

"(1) In the case of a citizen of the United States, the amount of any income, war profits and excess profits taxes paid during the taxable year to any foreign country or to any possession of the United States. * * * *"

Section 1200(a) of the act of 1924 gives the taxpayer an allowance of 25 per centum "of the amount shown as the tax upon his return." If this clause stood alone, it might be difficult to determine whether the allowance should be calculated before or after the deduction of the credit for foreign taxes. But the words "the tax," contained in the clause just quoted, are modified by the preceding part of the sentence, which reads: "Any taxpayer making return * * * of the taxes imposed by * * * the Revenue Act of 1921," etc. It seems perfectly clear from the whole context that the "amount shown as the tax" upon which the allowance of 25 per centum is to be calculated means the amount shown as the tax imposed by the Revenue Act of 1921. If the word "the" before the word "tax" were changed to "such," the meaning would be obvious, and I think that a construction which gives it such meaning is the natural one to be drawn from the context. Of course, the "tax imposed" is the tax actually due and payable after allowance of all credits, and not the net tax as shown before the allowance of credits. That is not "imposed," but is merely the basis upon which a tax finally imposed is computed, after allowance of credits.

The construction contended for by the plaintiff would lead to illogical and inequitable results. Suppose that the plaintiff in this case had paid to the Dominion of Canada, instead of $540.65, taxes in the amount of $2,190.61. He would then have been entitled to a credit in the amount of $2,190.61, and would have paid no taxes at all to the government of the United States. In such case, under the theory he now advances, he would nevertheless be entitled to claim from this government, under section 1200 of the act of 1924, the amount of $547.65, or 25 per centum of the amount shown upon his return as the tax before allowance of credits. Not only would such a result be manifestly absurd but the language of section 1200 of the act of 1924 excludes it. That act gives "allowance by credit or refund." "Allowance by credit" obviously involves the idea of some debt due against which the credit is to be allowed, and is not properly descriptive of a cash payment to be made to one who owes nothing to the payer. "Allowance by refund" means a return of money actually paid, and of course, where nothing is due from the taxpayer, and nothing has been paid, a payment by the government would not be a refund. This word was clearly inserted to cover taxpayers who, instead of paying by installments, had paid the entire tax due at the time they filed their returns.

The statement of claim is adjudged insufficient in law, and judgment may be entered for the defendant.