## WHITNEY et al. v. UNITED STATES.
### No. M–342.

Court of Claims.
May 7, 1934.

850

John W. Fisher, of Washington, D. C. (Will R. Greeg, of New York City, on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Elizabeth B. Davis, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The question presented in this case has been decided adversely to the contentions made by plaintiffs in Stover v. McCaughn (D. C.) 28 F.(2d) 1005; Appeals of John Moir et al., 3 B. T. A. 21; Cunningham v. Commissioner of Internal Revenue, 9 B. T. A. 1050; Harkness v. Commissioner of Internal Revenue, 21 B. T. A. 1068, and Haussermann v. Commissioner of Internal Revenue, 23 B. T. A. 378. We agree with these decisions and no useful purpose would be served by a detailed discussion of the contentions of plaintiffs that in none of these cases was any consideration given to the fundamental merits of the question or to the intention of Congress, as indicated by the taxing system over a long period of years.

Section 222 (a) (1, 5) of the Revenue Act of 1921 provides that the tax computed under part 2, title 2, of that act should be credited with the amount of any income, war profits, or excess profits tax paid during the taxable years to any foreign country, but that such credits should not be allowed in the case of a citizen entitled to the benefits of section 262, and that in no other case should the amount of credit taken under subdivision 5 of this section exceed the same proportion of the tax against which such credit is taken, which the taxpayer's net income, computed without deduction for any income, war profits, or excess profits taxes imposed by any foreign country, from sources without the United States bears to his entire net income, computed without such deduction, for the same taxable year.

Section 1200 (a) of the Revenue Act of 1924 provides that any taxpayer making a return for 1923 of taxes imposed by parts 1 and 2 of title 2 of the Revenue Act of 1921 should be entitled to an allowance by credit or refund of 25 per centum of the amount of the tax shown upon his return. Subdivision (b) of the same section provides that "If the amount shown as the tax upon the return has

been paid in full on or before the time of the enactment of this Act, the amount of the allowance provided in subdivision (a) shall be credited or refunded as provided in section 281 of this Act." Any doubt arising from the language of subdivision (a) of section 1200 as to the manner in which the 25 per centum credit is to be allowed is clarified by subdivision (b) of that section, which shows the intent of Congress in the provision that, if the amount of "the tax upon the return has been paid in full," the amount of 25 per centum of the allowance shall be credited or refunded. In other words, subsection (b) shows that Congress considered that a taxpayer would pay as his tax the amount computed on the return less the credit of the foreign taxes paid. We are of opinion, therefore, that the words "the tax," in subdivisions (a) and (b) of section 1200, refer to the net tax liability of a taxpayer after deducting foreign taxes paid.

The petition must therefore be dismissed. It is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and GREEN, Judges, concur.